[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:APPLICATION TO DISSOLVE MECHANIC'S LIEN
Roberto and Rose Mancini, hereafter "Applicants", seek an order dissolving the mechanic's lien lodged against their Oakville, Connecticut property by Landmark Excavating, Inc., CT Page 5570 hereafter "Landmark".
On or about November 29, 1993, the Applicants and Czar Construction Industries, Inc., hereafter "Czar", entered into a contract for the construction of a single family dwelling on Applicants' Oakville property, for the sum of $141,100.00. Pursuant to that agreement, Applicants deposited $14,100.00 with Czar's attorney. The deposit was held in escrow until applicants obtained a mortgage commitment and then was released to Czar.
On or about May 19, 1994, Landmark contracted with Czar to furnish to the Applicants' Oakville property, for the sum of $17,500.00, all labor and materials necessary to excavate and backfill a foundation, install drains, a septic system and driveway, among other things. Pursuant to that agreement, Landmark commenced working and was to have received from Czar, its first partial payment in the amount of $10,000.00, at the time Czar received a progress payment from Applicants. This progress payment was the first construction advance under Applicants' mortgage and was to be made upon Czar's completion of the structure's roof.
Shortly after the foundation of Applicants' house was finished, but long before the roof was to have been completed, Czar filed for bankruptcy protection. At the time, Czar owed Landmark more than $6,000.00 for labor and materials expended and used on the Applicants' property.
On or about June 20, 1994, in compliance with General Statutes § 43-33 et. seq., Landmark lodged a $6,000.00 lien against Applicants' property.
Thereafter, during the month of January, 1995, Applicants entered into a contract with Conroy Development Corporation, hereafter "Conroy", for the completion of their home. Pursuant to that contract, Conroy agreed to finish the construction that Czar abandoned, for the sum of $129,300.00.
This sum, when added to the $14,100.00 deposit, exceeds the original contract price of $141,100.00.
The court is aware that the mechanic's lien statutes, being remedial in purpose, are to be liberally construed in order to furnish security for contractors' labor and materials. SeamanCT Page 5571v. Climate Control Corp., 181 Conn. 592 (1980) however, it also understands that notwithstanding the protection of the mechanic's lien statutes, no mechanic's lien may attach to any building or land on which it stands in an amount greater than that which the owner has agreed to pay the general contractor for its construction. Section 49-33(e) Conn. Gen. Statutes. Further, section 49-36(e) of the General Statutes provides,
 In determining the amount to which any lien or liens may attach upon any land or building, or lot or plot of land, the owner of the land or building or lot or plot of land shall be allowed whatever payments he has made, in good faith, to the original contractor or contractors, before receiving notice of the lien or liens. No payments made in advance of the time stipulated in the original contract may be considered as made in good faith, unless notice of intention to make the payment has been given in writing to each person known to have furnished materials or rendered services at least five days before the payment is made.
In argument, Landmark claims that only progress payments made for work performed should be considered in determining whether its lien is excessive. In support, Landmark cites ReneDrywall Co. v. Strawberry Hill Associates, 182 Conn. 568, 573
(1980).
The Rene Drywall case indicates that when progress payments are made to a general contractor for work performed by a subcontractor and the general contractor fails to pay the subcontractor and ultimately defaults entirely, the party making the payments is protected, provided he has acted in good faith and in a reasonable manner.
Further, Landmark contends that the only payment made by Applicants to the general contractor was a deposit and therefore, such payment is not to be considered in determining whether its lien is excessive.
There is no question, however, that such payment was made in good faith by the Applicants to the original contractor pursuant to the contract between them and before receiving notice of Landmark's mechanic's lien. CT Page 5572
Section 49-36(e) of the General Statutes provides thatwhatever payments were made to the original contractor in good faith by an owner are to be considered in determining the amount to which any lien may attach to said owner's property and, therefore, while not styled a progress payment, the $14,100.00 deposit is entitled to be treated as a good faith payment for such determination.
Additionally, Landmark's argument that the contract with Conroy is speculative and does not reflect the reasonable cost of completion of the residence because it has not been fully performed is unpersuasive inasmuch as the Applicants and Conroy entered into a legally enforceable contract obligating Conroy to complete the construction of the project abandoned by Czar for $129,300.00. (Plaintiffs' Exhibit A)
In accordance with the foregoing, Landmark's $6,000.00 mechanic's lien is excessive and, therefore, should be and hereby is dissolved.
/s/ West, J. WEST